1

2

3                        UNITED STATES DISTRICT COURT

4                              DISTRICT OF NEVADA

5                                    * * *

6   James H. Hayes,                          Case No. 2:20-cv-2122-RFB-BNW

7                   Plaintiff,

8          v.                                **ORDER**

9   City of Las Vegas, et al.,

10                  Defendants.

11

12          Plaintiff James Hayes brings a lawsuit under 42 U.S.C. § 1983 alleging several

13   unconstitutional acts and torts by several defendants stemming from an unlawful arrest and

14   prosecution. ECF No. 1-1) Hayes is currently incarcerated and part of his claims seek redress

15   from governmental entities and its officers. As a result, this court must conduct a preliminary

16   screening pursuant to 28 U.S.C. § 1915A(a).

17   **I.      SCREENING**

18          In its review, the court must identify any cognizable claims and dismiss any claims that

19   are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary

20   relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b)(1), (2).  In

21   addition to the screening requirements under § 1915A, the Prison Litigation Reform Act requires

22   a federal court to dismiss a prisoner's claim if it "fails to state a claim on which relief may be

23   granted."  28 U.S.C. § 1915(e)(2); *accord* Fed. R. Civ. Proc. 12(b)(6).

24          Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for

25   failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  *Watison v. Carter*, 668

26   F.3d 1108, 1112 (9th Cir. 2012).  To survive § 1915 review, a complaint must "contain sufficient

27   factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *See*

28   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The court liberally construes pro se complaints and

may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

In his complaint Hayes alleges that on January 26, 2019 he was arrested for Attempted Burglary based on an incident involving the entry (or near entry) into the room of James McGrath at the Mirage Hotel and Casino. Hayes' complaint alleges McGrath had provided him the key to enter the room. Nevertheless, McGrath and security officers at the Mirage gave false information to the police resulting in the initiation of a criminal case.

Hayes explains that during the preliminary hearing in justice court, McGrath testified that Hayes was not involved in the January 26, 2019 incident. Despite this testimony, and several other deficiencies in proof, the judge found probable cause and the case was bound over to district court.

It appears that after the preliminary hearing, Hayes may have entered into a plea agreement, which he alleges was later breached. Given this, it is not clear what he means when he states that "criminal proceedings terminated in such a manner as to indicate his innocence short of a trial on the merits." That is, it is unclear whether he has pleaded guilty to an offense or whether the criminal proceedings were terminated. He is also incarcerated, but it is not clear whether his incarceration stems from this case or not.

Based on these facts he names several defendants and brings the following claims in this 42 U.S.C. § 1983 action: (1) malicious prosecution, (2) false arrest and false imprisonment, (3) Fourteenth Amendment denial of equal protection and due process, (4) Intentional Infliction of Emotional Distress (IIED), (5) failure to properly train and ratification of unconstitutional conduct, and (6) negligent hiring retention, supervision, and training.

If a § 1983 case seeking damages alleges constitutional violations that would necessarily imply the invalidity of a conviction or sentence, the prisoner must establish that the underlying sentence or conviction has been invalidated on appeal, by habeas petition, or through a similar proceeding. *See Heck v. Humphrey*, 512 U.S. 477, 483-87 (1994).  Under *Heck*, a party who was convicted of a crime is barred from bringing a suit under § 1983 if a judgment in favor of that party would necessarily imply the invalidity of the conviction or sentence. *See Whitaker v. Garcetti*, 486 F.3d 572, 581 (9th Cir. 2007) (citing *Heck*, 512 U.S. at 114). *Heck* also applies to pending criminal charges. *Harvey v. Waldron*, 210 F.3d 1008, 1014 (9th Cir. 2000)(overruled on other grounds).

The essence of all of Hayes' claims is that certain defendants provided false information to the police and that the criminal case should have never been brough in the first place and, in any event, dismissed at the preliminary hearing stage. But it is not clear whether the criminal charges that stem from these facts are currently pending, whether Hayes has been convicted, or what happened with that case.  As mentioned above, if the criminal charges are currently pending, then Hayes is barred from asserting constitutional claims under § 1983. If the case has resulted in a conviction, Hayes must establish that the conviction has been invalidated on appeal, by habeas petition, or through a similar proceeding.  *See Heck*, 512 U.S. at 483-87.

Finally, the Court declines to screen plaintiff's state-law tort claims until it is clear that plaintiff has viable § 1983 claims.  Federal Courts are courts of limited jurisdiction, so "they possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  The two primary bases for the Court's subject-matter jurisdiction are federal-question jurisdiction and diversity jurisdiction. 28 U.S.C. §§ 1331, 1332. The parties are not diverse because both plaintiff and Clark County are citizens of the same state.

1   *Moor v. Alameda Cnty.*, 411 U.S. 693, 717–18 (1973) ("a political subdivision of a State . . . is a

2   citizen of the State for diversity purposes.") (citations omitted).  And the only basis for federal-

3   question jurisdiction appears to be the § 1983 claims, which the Court has already found are not

4   yet viable.  Accordingly, although the *Heck* bar does not apply to plaintiff's state-law claims, the

5   Court will not screen them until plaintiff's federal claims are viable. *See* 28 U.S.C. § 1367(c)(3)

6   ("The district court[] may decline to exercise supplemental jurisdiction" if it "has dismissed all

7   claims over which it has original jurisdiction"); *Sanford v. Memberworks, Inc.*, 625 F.3d 550, 561

8   (9th Cir. 2010) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the

9   balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy,

10   convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the

11   remaining state-law claims.").

12   **II.    CONCLUSION**

13        IT IS THEREFORE ORDERED that the Clerk of Court is kindly directed to detach and

14   separately docket ECF No. 1-1 as a complaint.

15        IT IS FURTHER ORDERED that Hayes's complaint is dismissed with leave to amend so

16   that he can clarify the questions above.  Hayes has 60 days to amend the complaint. If no

17   amended complaint is filed, the court may recommend that the case be dismissed.

18        DATED: July 19, 2021.

19

20                                                                    .
                                                Brenda Weksler
21                                              United States Magistrate Judge

22

23

24

25

26

27

28