UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JAMES HAYES, | Case No. 2:20-cv-02122-RFB-BNW |
| Plaintiff, | |
| v. | **ORDER DESIGNATING ECF No. 15-1 AS THE OPERTAIVE COMPLAINT AND INSTRUCTIONS FOR SERVICE OF PROCESS** |
| CITY OF LAS VEGAS, *et al.*, | |
| Defendants. | |

**I. Background**

Mr. Hayes filed a complaint alleging that on January 26, 2019, he was arrested for burglary based on an incident involving the near entry into the room of James McGrath at the Mirage Hotel and Casino. The complaint also alleges Mr. McGrath had provided Mr. Hayes the key to enter the room. Nevertheless, according to the complaint, Mr. McGrath and Mirage security officers gave false information to the police resulting in burglary charges. Mr. Hayes alleges that during the preliminary hearing in justice court, Mr. McGrath testified that Hayes was not involved in the January 26, 2019, incident. Despite this testimony, the case was bound over to district court. Based on these facts, Mr. Hayes asserted the following claims: (1) malicious prosecution, (2) false arrest and false imprisonment, (3) Fourteenth Amendment denial of equal protection and due process, (4) intentional infliction of emotional distress, (5) failure to properly train and ratification of unconstitutional conduct, and (6) negligent hiring retention, supervision, and training. The named defendants include: (1) Mirage Hotel/MGM, (2) James McGrath, (3) City of Las Vegas, (4) Aaron Ford, (5) Clark County, and (6) Steve Wolfson.

This Court screened his complaint and denied it with leave to amend based on its inability to tell if the claims were barred under *Heck v. Humphrey*, 512 U.S. 477, 483-87 (1994). ECF No. 11. Reyling on *Heck*, this Court explained that if the burglary charges were still pending, then Mr. Hayes was barred from asserting constitutional claims under § 1983. Id. In addition, this Court also explained that if the criminal charges had resulted in a conviction, Mr. Hayes had to establish

that the conviction had been invalidated on appeal, by habeas petition, or through a similar proceeding. *Id.* Thus, this Court advised Mr. Hayes that if he wished to amend his complaint, he needed to clarify whether the criminal charges were still pending, whether he had been convicted, or what the result of that case was. *Id.*

Mr. Hayes filed an amended complaint. ECF No. 15-1. The amended complaint repeated the same claims previously alleged and stated that the burglary charge stemming from the facts underlying his claims had been dismissed. *Id.*

The Court again denied the complaint. ECF No. 21. In doing so, it explained records from the Eighth Judicial District Court relating to Mr. Hayes' criminal case indicated he had been adjudicated guilty for disorderly conduct in relation to the January 26, 2019 incident. Consequently, this Court issued a Report and Recommendation to dismiss the claims finding that Mr. Hayes' §1983 claims were barred by *Heck*, and that it had no subject matter jurisdiction over the state claims. *Id.*

Mr. Hayes objected to the Report and Recommendation. ECF Nos. 22, 25. The District Court affirmed the Report and Recommendation. ECF No.26. Although Mr. Hayes moved for reconsideration, his request was denied. ECF Nos. 28, 34, 41.

Mr. Hayes appealed to the Ninth Circuit. ECF No. 29. The Ninth Circuit vacated this Court's Order and remanded the case for further proceedings. ECF No. 46. The Ninth Circuit noted the record before it did not provide any information regarding the underlying facts of the disorderly conduct conviction. *Id.* Given this, the Ninth Circuit found it was impossible to tell whether Mr. Hayes' §1983 claims would necessarily imply the invalidity of that conviction. *Id.* This holding was based on *Lemos v. County of Sonoma*, 40 F.4th 1002, 1006-07 (9th Cir. 2022) (*en banc*). In *Lemos*, the Ninth Circuit explained that in order to determine whether claims are barred by *Heck*, courts must (1) determine which acts formed the basis for the conviction and (2) analyze whether the § 1983 claim negates an element of the convicted offense. *Id.*

///

///

///

**II. Order**

Given the Ninth Circuit's opinion,

**IT IS ORDERED** that the claims in First Amended Complaint will proceed (ECF No. 15-1) against the named Defendants. This will allow for the full development of the record and allow this Court to determine whether the claims in this case are barred by *Heck* or not. Based on that determination, this Court can then decide whether it will (or can) exercise jurisdiction over the remaining state claims.

**IT IS FURTHER ORDERED** that the Clerk of Court must detach the operative complaint (ECF No. 15-1) and file it as a separate entry on the docket.

**IT IS FURTHER ORDERED** that the Clerk of Court must send Plaintiff six (6) blank copies of form USM-285.

**IT IS FURTHER ORDERED** that Plaintiff shall have 30 days to fill out the required USM-285 forms and send them to the U.S. Marshals Service. On the forms, Plaintiff must fill in defendants' last-known addresses.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to issue summonses for the defendants.

**IT IS FURTHER ORDERED** that the Clerk of Court serve a copy of this order, the issued summonses, and the operative complaint (ECF No. 15-1) on the U.S. Marshals Service.

**IT IS FURTHER ORDERED** that upon receipt of the USM-285 forms, the U.S. Marshals Service shall, in accordance with Federal Rule of Civil Procedure 4(c)(3), attempt service on the defendants.

**IT IS FURTHER ORDERED** that, within 90 days of today's order, the U.S. Marshals Service shall file the summonses returned as executed or a notice indicating why service has not been effectuated.

DATED: September 18, 2023.

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE