UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| James Hayes,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>City of Las Vegas, *et al.,*<br><br>　　　　　Defendants. | Case No. 2:20-cv-02122-RFB-BNW<br><br>**ORDER re ECF No. 47** |

Before this Court is *pro se* Plaintiff James Hayes' motion for appointment of counsel (at ECF No. 47). He argues appointment of counsel is appropriate in this case under 28 U.S.C. 1915.

**I.　Background**

Mr. Hayes filed a complaint alleging that on January 26, 2019, he was arrested for burglary based on an incident involving the near entry into the room of James McGrath at the Mirage Hotel and Casino. The complaint also alleges Mr. McGrath had provided Mr. Hayes the key to enter the room. Nevertheless, according to the complaint, Mr. McGrath and Mirage security officers gave false information to the police resulting in burglary charges. Mr. Hayes alleges that during the preliminary hearing in justice court, Mr. McGrath testified that Hayes was not involved in the January 26, 2019, incident. Despite this testimony, the case was bound over to district court. Based on these facts, Mr. Hayes named several defendants and asserted the following claims: (1) malicious prosecution, (2) false arrest and false imprisonment, (3) Fourteenth Amendment denial of equal protection and due process, (4) intentional infliction of emotional distress, (5) failure to properly train and ratification of unconstitutional conduct, and (6) negligent hiring retention, supervision, and training.

This Court screened his complaint and denied it with leave to amend based on its inability to tell if the claims were barred under *Heck v. Humphrey*, 512 U.S. 477, 483-87 (1994).[1] ECF No. 11.

---

[1] Under *Heck*, a party who was convicted of a crime is barred from bringing a suit under § 1983 if a judgment in favor of that party would necessarily imply the invalidity of the conviction or sentence. *See Whitaker v. Garcetti*, 486 F.3d

1

Reyling on *Heck*, this Court explained that if the burglary charges were still pending, then Mr. Hayes was barred from asserting constitutional claims under § 1983. *Id.* In addition, this Court also explained that if the criminal charges had resulted in a conviction, Mr. Hayes had to establish that the conviction had been invalidated on appeal, by habeas petition, or through a similar proceeding. *Id*. Thus, this Court advised Mr. Hayes that if he wished to amend his complaint, he needed to clarify whether the criminal charges were still pending, whether he had been convicted, or what the result of that case was. *Id*.

Mr. Hayes filed an amended complaint. ECF No. 15-1. The amended complaint repeated the same claims previously alleged and stated that the burglary charge stemming from the facts underlying his claims had been dismissed. *Id.*

The Court again denied the complaint. ECF No. 21. In doing so, it explained records from the Eighth Judicial District Court relating to Mr. Hayes' criminal case indicated he had been adjudicated guilty for disorderly conduct in relation to the January 26, 2019 incident. Consequently, this Court issued a Report and Recommendation to dismiss the claims finding that Mr. Hayes' §1983 claims were barred by *Heck*, and that it had no subject matter jurisdiction over the state claims. *Id*.

Mr. Hayes objected to the Report and Recommendation. ECF Nos. 22, 25. The District Court affirmed the Report and Recommendation. ECF No.26. Although Mr. Hayes moved for reconsideration, his request was denied. ECF Nos. 28, 34, 41.

Mr. Hayes appealed to the Ninth Circuit. ECF No. 29. The Ninth Circuit vacated this Court's Order and remanded the case for further proceedings. ECF No. 46. The Ninth Circuit noted the record before it did not provide any information regarding the underlying facts of the disorderly conduct conviction. *Id.* Given this, the Ninth Circuit found it was impossible to tell whether Mr. Hayes' §1983 claims would necessarily imply the invalidity of that conviction. *Id*. This holding was based on *Lemos v. County of Sonoma*, 40 F.4th 1002, 1006-07 (9th Cir. 2022) (en banc). In *Lemos* the Ninth Circuit explained that in order to determine whether claims are barred by *Heck*, courts

---

572, 581 (9th Cir. 2007) (citing *Heck*, 512 U.S. at 114). Heck also applies to pending criminal charges. *Harvey v. Waldron*, 210 F.3d 1008, 1014 (9th Cir. 2000)(overruled on other grounds).

must (1) determine which acts formed the basis for the conviction and (2) analyze whether the § 1983 claim negates an element of the convicted offense. *Id*.

Given the Ninth Circuit's opinion, Plaintiff's claims in his amended complaint have been allowed to proceed forward. Next, this Court analyzes with the appointment of counsel would be proper in this case.

## II.  Discussion

Civil litigants do not have a Sixth Amendment right to appointed counsel. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). In certain circumstances, federal courts are empowered to request an attorney to represent an indigent civil litigant. For example, courts have discretion, under 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing of "exceptional circumstances." *Agyeman v. Corrections Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004).

To determine whether the "exceptional circumstances" necessary for appointment of counsel are present, the court evaluates (1) the likelihood of plaintiff's success on the merits and (2) the plaintiff's ability to articulate his claim *pro se* "in light of the complexity of the legal issues involved." *Agyeman*, 390 F.3d at 1103 (quoting *Wilborn*, 789 F.2d at 1331). A court may find that "exceptional circumstances" exist if a claim is either factually or legally complex. *See, e.g., McElyea v. Babbitt*, 833 F.2d 196, 200 n.3 (9th Cir. 1987) (per curiam) (suggesting that a plaintiff's claim concerning the provision of religious books in prison raises "complicated constitutional issues").

### A. Whether Mr. Hayes' claims have a likelihood of success on the merits

At this stage, it is not clear whether Mr. Hayes' claims have a likelihood of success on the merits. As explained above, it is not clear whether the claims are barred by *Heck* or not. Thus, this factor does not weigh in favor or against the appointment of counsel.

### B. Whether Mr. Hayes has an ability to articulate his claim *pro se* "in light of the complexity of the legal issues involved"

This Court finds that Mr. Hayes will have a difficult time articulating his claims pro se in light of the issues involved. First, this Court notes that the *en banc* decision in *Lemos* (which is the basis for the remand in this case) provided novel guidance as to what courts must look at when

3

determining whether claims are barred by *Heck*. Specifically, the Lemos Court explained that "[t]o decide whether success on a section 1983 claim would necessarily imply the invalidity of a conviction, [a court] must determine which acts formed the basis for the conviction." *Lemos,* 40 F.4th at 1006. *Lemos* also made clear that when the conviction is based on a guilty plea, [a court] look[s] at the record to see which acts formed the basis for the plea." *Id*. The decision makes clear the analysis could become convoluted as it may involve deciphering the elements of the offense at issue and how the different elements may have been interpreted by case law. Accordingly, given the likely complexities this case may pose, the appointment of *pro bono* counsel is warranted in this case.

### III.   Conclusion and Order

Because the Court will exercise its discretion to appoint counsel and grant Mr. Hayes' motion for appointment of counsel, it will refer the case to the Court's Pro Bono Program to attempt to find an attorney to accept Plaintiff's case. Mr. Hayes should be aware that the Court has no authority to require attorneys to represent indigent litigants in civil cases under 28 U.S.C. § 1915(d). *Mallard v. U.S. Dist. Court for Southern Dist. of Iowa*, 490 U.S. 296, 298 (1989). Rather, when a court "appoints" an attorney, it can only do so if the attorney voluntarily accepts the assignment. *Id*. Additionally, **Mr. Hayes is reminded that until counsel is appointed, he is still responsible for complying with all deadlines in his case**. If counsel is found, an order appointing counsel will be issued by the Court and Mr. Hayes will be contacted by counsel.

**IT IS THEREFORE ORDERED** that Plaintiff James Hayes's motion for appointment of counsel (ECF No. 47) is GRANTED.

**IT IS FURTHER ORDERED** that this case is referred to the Pro Bono Program adopted in Second Amended General Order 2019-07 for the purpose of screening for financial eligibility (if necessary) and identifying counsel willing to be appointed as *pro bono* counsel for Plaintiff. The scope of appointment shall include the discovery phase through the termination of the case—whether at the dispositive motion phase or trial. Plaintiff is reminded that he must comply with all deadlines currently set in his case and there is no guarantee that counsel will be appointed. If counsel is found, an order

appointing counsel will be issued by the Court and Plaintiff will be contacted by counsel. In addition, the Court will schedule a status hearing to further delineate the scope of representation.

**IT IS FURTHER ORDERED** that the Clerk of Court must forward this order to the Pro Bono Liaison.

DATED: September 18, 2023.

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE