# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JAMES H. HAYES, | Case No. 2:20-cv-02122-RFB-BNW |
| Plaintiff, | **ORDER** |
| v. | |
| CITY OF LAS VEGAS, *et al.*, | |
| Defendants. | |

This case has a long procedural history. As relevant to this Order, Plaintiff filed an amended complaint alleging several causes of actions against several defendants. ECF 15-1. This Court recommended dismissal as *Heck*-barred. ECF No. 21. The district court affirmed. ECF No. 26. On appeal, the Ninth Circuit remanded the case back explaining that the record did not reveal whether Plaintiff's §1983 claims would necessarily imply the invalidity of his conviction. ECF No. 46.

Further complications ensued given that summonses for certain defendants had not been issued based on the way that Plaintiff drafted the amended complaint. ECF No. 95. On March 19, 2024, this Court issued summonses for, among others, Defendants Jex, McElroy, Fox, and Varsin. These summonses were returned unexecuted because Las Vegas Metropolitan Police Department ("METRO") would not accept service as the summonses did not contain Defendants' first and last name or "P Number." ECF No. 101.

This Court has an obligation to construe, administer, and employ the Federal Rules of Civil Procedure in a manner "to secure the just, speedy, and inexpensive determination of every action." FED. R. CIV. P. 1 ("Rule 1"). Although an incarcerated pro se plaintiff is entitled to rely on the USMS to effect service of process, it is ultimately a plaintiff's responsibility to provide the USMS "sufficient identifying information, including a full name and a current address for the unserved defendants, so they can be served." *Thomas v. Ellis*, 2014 WL 116286, at \*6 (N.D. Cal. Jan. 13, 2014). At the same time, this Court has an "obligation to assist a pro se incarcerated

litigant to obtain discovery . . . so that service can be effected." *Carpio v. Luther*, 2009 WL 605300, at *1 (W.D. N.Y. Mar. 9, 2009) (citing *Valentin v. Dinkins*, 121 F.3d 72, 75 (2d Cir. 1997)); *see also Billman v. Indiana Dep't of Corrections*, 56 F.3d 785, 790 (7th Cir. 1995) ("[B]ecause plaintiff] is a prisoner he may not be in a position to identify the proper defendants, or all of them in his complaint.... We think it is the duty of the district court to assist [the incarcerated pro se litigant], within reason, to make the necessary investigation.").

As explained above, METRO has advised that additional information is required in order to effectuate service. Plaintiff has a right to discovery regarding the full names and "P Numbers" of Defendants. Immediate limited discovery directed to Defendants regarding the full name and "P Numbers" appears to be warranted.

Therefore, METRO shall determine whether there are any METRO officers that may bear the following last name and first initial (L. Jex, D. McElroy, A. Fox, and E. Varsin) who were present at the Mirage Hotel and Casino on January 26, 2024, responding to a situation roughly corresponding to that described in Plaintiff's amended complaint. To the extent METRO wishes to object to this Order, it must do so by April 23, 2024. To the extent METRO does not object to this order, METRO shall file a status report by May 7, 2024, advising the Court (a) what METRO was able to determine; (b) to the extent METRO was able to determine which officers are the named defendants, the names of Defendants for whom it accepts service and the names of Defendants for whom it does not accept service; and (c) for Defendants for whom it does not accept service, whether it is willing to file their last-known address under seal with the Court so that the United States Marshal Service can attempt service on those Defendants.

**IT IS THEREFORE ORDERED** that the USMS serve this Order on METRO Assistant General Counsel Ruth Miller.

DATED this 9th day of April 2024.

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE