UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JAMES HAYES., <br><br> Plaintiff, <br><br> v. <br><br> CITY OF LAS VEGAS, *et al.*, <br><br> Defendants. | Case No. 2:20-cv-02122-RFB-BNW <br><br> ORDER |

Before the Court are Motions to Dismiss by Defendants Dickerson, Rowles, Varsin, Fox, Jex, McElroy, Lombardo and Mirage Hotel and Casino/MGM. For the following reasons, the Court grants the Motions to Dismiss with prejudice.

## I.   FACTUAL ALLEGATIONS / BACKGROUND

On January 26, 2019, someone opened James McGrath's hotel room door at the Mirage Hotel, said "sorry" when they saw Mr. McGrath in the hotel room and immediately exited the room. Shortly thereafter, Plaintiff Hayes was arrested by the LVMPD for Attempted Burglary related to the incident involving Mr. McGrath's hotel room. At the time of the arrest, Plaintiff had a valid hotel room key given to him by a registered hotel guest. Plaintiff alleges he was detained by hotel security until LVMPD arrived and arrested him. Subsequently, Plaintiff brought this action against Defendants Dickerson and Rowles ("D.A. Defendants"); Defendants Lombardo, Jex, McElroy, Fox, Varsin and the Las Vegas Metropolitan Police Department ("LVMPD Defendants"); and Defendant Mirage Hotel and Casino/MGM ("Mirage").

At the preliminary hearing for the criminal case, Mr. McGrath testified that he was not 100% positive that it was Plaintiff he saw at his hotel room doorway. Plaintiff alleges that Defendants violated the terms of the plea agreement after his preliminary hearing by withholding evidence and misrepresenting the facts to the state district court. Plaintiff contends these actions

resulted in him losing the negotiated time served credit agreement of 30 days in Clark County Detention Center.

## II. LEGAL STANDARD

### A. Dismissal

An initial pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In ruling on a motion to dismiss, "[a]ll well-pleaded allegations of material fact in the complaint are accepted as true and are construed in the light most favorable to the non-moving party." Faulkner v. APT Sec. Services, Inc., 706 F.3d 1017, 1019 (9th Cir. 2013) (citations omitted).

To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but it must do more than assert "labels and conclusions" or "a formulaic recitation of the elements of a cause of action. . . ." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In other words, a claim will not be dismissed if it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," meaning that the court can reasonably infer "that the defendant is liable for the misconduct alleged." Id. at 678 (internal quotation and citation omitted). The Ninth Circuit, in elaborating on the pleading standard described in Twombly and Iqbal, has held that for a complaint to survive dismissal, the plaintiff must allege non-conclusory facts that, together with reasonable inferences from those facts, are "plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

## III. DISCUSSION

### A. Motion to Dismiss by DA Defendants

Plaintiff contends that Defendants Dickerson and Rowles, the ("DA Defendants") were engaged in a conspiracy with LVMPD to prosecute him because of racial animus. Plaintiff's first cause of action for malicious prosecution under 42 U.S.C. § 1983, second cause of action for false arrest and false imprisonment under 42 U.S.C. § 1983, third cause of action for the denial of equal protection under 42 U.S.C. § 1983, and forth cause of action for intentional infliction of emotional

distress under Nevada common law are brought against the DA Defendants. The DA Defendants contend that they were acting within the scope of their duties and are entitled to prosecutorial immunity because Plaintiff has repeatedly failed to produce more than conclusory statements about their actions. The Court finds that Plaintiff has not adequately plead facts supporting his contention that the DA Defendants colluded with LVMPD to arrest him due to racial animus.

The Ninth Circuit takes a functional approach when determining whether a given action is protected by prosecutorial immunity. In applying this approach, the court distinguishes between acts of advocacy, which are entitled to absolute immunity, and administrative and "police-type" investigative acts which are not. Actions classified as "advocacy" include initiating a prosecution and presenting the state's case, Imbler, 424 U.S. at 431, appearing at a probable cause hearing to support an application for a search warrant, Burns, 500 U.S. at 491, and preparing and filing a motion for an arrest warrant. Kalina, 522 U.S. at 129. See Patterson v. Van Arsdel, 883 F.3d 826, 830.

The Court finds that the DA Defendants were acting as prosecutors in their interactions with Plaintiff. When they brought charges against Plaintiff the DA Defendants were engaging in actions the Supreme Court classifies as "advocacy" actions which entitle the DA Defendants to prosecutorial immunity. Id. Plaintiff has not alleged sufficient support for his argument that the actions of the DA Defendants were motivated by racial animus. Merely conclusory allegations are insufficient. This Court has provided Plaintiff an opportunity to amend the complaint and instructed Plaintiff on the support needed for the claims against the DA Defendants to advance past the dismissal stage. Plaintiff has failed to articulate the facts required to adequately plead his claims against the DA Defendants. Thus, the Court grants the DA Defendant's Motion to Dismiss with prejudice.

### B. Motion to Dismiss by LVMPD Defendants

Plaintiff contends that the LVMPD Defendants engaged in malicious prosecution and asserts that LVMPD engaged in intentional infliction of emotional distress ("IIED"). Additionally, Plaintiff raises a Monell claim against LVMPD alleging that there is a policy or practice within the organization of targeting Black people when making arrests. Defendants assert that Plaintiff

1  has not provided adequate facts to support his Monell clam or claim for IIED. Additionally,
2  LVMPD argues that they are entitled to discretionary immunity.

3  The Ninth Circuit has held that a § 1983 claim must be dismissed if "a judgment in favor
4  of the plaintiff would necessarily imply the invalidity of his conviction or sentence," unless the
5  conviction or sentence has already been invalidated." Zuegel v. Mt. View Police Dep't, 2024 U.S.
6  App. LEXIS 5638, at *1-2 (9th Cir. March 8, 2024). (citing Heck v. Humphrey, 512 U.S. 477,
7  478). "[I]f a criminal conviction arising out of the same facts stands and is fundamentally
8  inconsistent with the unlawful behavior for which § 1983 damages are sought, the § 1983 action
9  must be dismissed." Smithart v. Towery, 79 F.3d 951, 952 (9th Cir. 1996). To be liable under
10 section 1983 when acting under color of state law there must be a showing of personal participation
11 in the alleged rights deprivation: there is no *respondeat superior* liability under section 1983.
12 Monell v. Dep't of Soc. Servs., 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). Furthermore,
13 Nevada applies the Berkovitz-Gaubert two-prong test regarding discretionary immunity. A
14 decision is entitled to discretionary immunity under NRS 41.032 if the decision "(1) involve[s] an
15 element of individual judgment or choice and (2) [is] based on considerations of social, economic,
16 or political policy." Martinez, 123 Nev. at 446-47, P.3d at 729.

17  In this instance, Plaintiff was criminally convicted in relation to the case before the Court.
18 Applying the standard established by Heck, The Court grants dismissal because Plaintiff's criminal
19 conviction stands and is fundamentally inconsistent with the claims he raises in this action.
20 Plaintiff's Monell claim fails because he provides inadequate factual support for the claim. Monell
21 v. Dep't of Soc. Servs., 436 U.S. 658. Thus, the Court finds that Plaintiff has not adequately plead
22 sufficient facts to support his claims against LVMPD and grants LVMPD's Motion to Dismiss.

23  **C. Motion to Dismiss by Defendant Mirage**

24  Plaintiff brings a cause of action alleging malicious prosecution and a cause of action
25 alleging a breach of the duty to exercise ordinary care against Defendant Mirage Hotel and
26 Casino/MGM ("Mirage"). Mirage argues that Plaintiff has failed to state a claim upon which relief
27 may be granted.

28  To state a claim under § 1983, a plaintiff "must allege the violation of a right secured by

the Constitution and the laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48-49 (1988). To prevail on a § 1983 claim for malicious prosecution, a plaintiff "must show that the defendants prosecuted [him] with malice and without probable cause, and that they did so for the purpose of denying [him] equal protection or another specific constitutional right". Awabdy v. City of Adelanto, 368 F.3d 1062, 1066 (quoting Freeman v. City of Santa Ana, 68 F.3d 1180, 1189 (9th Cir. 1995)). Malicious prosecution actions are not limited to suits against prosecutors but can be brought against other persons who have wrongfully caused the charges to be filed. Id.

Throughout the Second Amended Complaint there are no specific facts indicating that Mirage conspired with LVMPD or targeted Plaintiff as he alleges in broad conclusory statements. Furthermore, Plaintiff fails to adequately allege that Mirage 'prosecuted' him without probable cause with the intent to deprive him of his constitutional rights. Likewise, there is no mention of a duty owed to Plaintiff by Mirage that was breached. Thus, Court finds that Plaintiff's claims against Mirage are not sufficiently plead to survive dismissal. Accordingly, Mirage's Motion to Dismiss is granted.

### IV.  CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant's Motions to Dismiss [ECF Nos. 168, 169, 171] are **GRANTED** with prejudice.

The Clerk of Court is instructed to close this case.

**DATED:** September 30, 2025.

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**